**Allene E. ABERNATHY, Appellant,**

v.

**OTIS ELEVATOR CORPORATION,**
**Appellee.**

**No. 46773.**

Supreme Court of Oklahoma.

March 25, 1975.

Pierce, Couch, Hendrickson & Short, Calvin W. Hendrickson, John Wiggins, Oklahoma City, for appellant.

J. A. O'Toole, Oklahoma City, for appellee.

DAVISON, Justice:

This is an appeal by Allene E. Abernathy, plaintiff below, from a judgment rendered on a jury verdict denying her any recovery of damages for personal injuries against Otis Elevator Corporation, defendant.

In a prior appeal by the defendant, after verdict and judgment for plaintiff, the Court of Appeals, Division 2, State of Oklahoma, reversed the judgment, on the ground of erroneous instruction, and remanded the case for further proceedings.

Plaintiff alleged in her petition, insofar as pertinent: that while using an automatic elevator manufactured, installed, and maintained by defendant in South Community Hospital in Oklahoma City, she was crushed when the elevator door closed upon her; that the elevator, either through negligent design, manufacture or maintenance caused her to be crushed through the chest region; and that if the elevator was designed with a safety device to prevent such a happening, then the device was inoperative, and if the elevator was without such a device, then defendant was negligent in failing to provide the same. Plaintiff further alleged that defendant was in exclusive control and maintenance of the automatic elevator.

In connection with the first appeal a transcript of the testimony at the first trial was made and is a part of the complete case file certified to this Court on the present appeal. No transcript of the testimony given at the second trial was prepared and made a part of the record on the present appeal. It appears that plaintiff is content to use a "Stipulation on Appeal" made by plaintiff and defendant as an ap-

propriate means of presenting her proposition of error to this Court.

The Stipulation stated: that plaintiff's alleged personal injury resulted when she allegedly was struck by an elevator door as she was exiting from the elevator; that the elevator was manufactured and installed, and maintained exclusively by the defendant at the time of the accident; and that there is a dispute in the facts, plaintiff claiming she was struck with force by the elevator door, and defendant claiming its proof was that the elevator was so designed and equipped with safety features that the accident could not have occurred as plaintiff claimed. The Stipulation further states the trial court instructed the jury that defendant's duty was "ordinary care", and that plaintiff requested an instruction on "high degree of care" as to defendant, which was refused. As will be shown later, the Stipulation as to the instruction given and the instruction requested is not entirely a true statement of the actual facts.

The parties further stipulated that the only issue involved in the appeal is as follows: Is the duty of an entity to a passenger on an elevator which was manufactured and installed and was being maintained by the entity at the time of an accident involving the passenger one of "ordinary care" or "high degree of care"?

We deem it necessary to restrict our discussion and conclusions to the circumstances apparent in the record before us, even though some are not embraced with the Stipulation. The record reflects that plaintiff was a Medical Technologist employed in the laboratory of the hospital. She was, therefore, rightfully in the hospital and entitled to use the automatic elevator.

Also, that the elevator sale agreement with defendant Otis included a New Installation Maintenance Contract whereby for one year Otis was to furnish inspection and maintenance of the automatic elevator. The terms of this maintenance agreement are not in the record. The alleged accident and injuries to plaintiff occurred during this one-year maintenance period. In view of this situation, and because plaintiff's argument and authorities are only relevant to "maintenance" and "control" of the elevator by defendant, our conclusions are limited to defendant's duty and liability in the maintenance of the elevator.

Plaintiff contends that an entity in the position of defendant owes a "high degree of care" to passengers, and a jury instruction that the duty owed is only that of "ordinary care" is reversible error.

The trial court instructed the jury that "The term 'ordinary care', as used in these instructions, means that degree of care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances."

The trial court also instructed the jury that, "The person or company charged with the maintenance of passenger elevators owes to the passengers using the same the duty of ordinary care commensurate with the hazards involved in the inspection, repair or maintenance of the elevators."

Plaintiff contends that the defendant's status was that of an entity having "exclusive control" of the elevator and therefore owed to passengers what plaintiff terms a "high degree of care." The record does not sustain the conclusion that defendant Otis was in "exclusive control" of the elevator.

In Seay v. General Elevator Company (Okl.1974) 522 P.2d 1022, the plaintiff Seay had sued General Elevator for damages for injuries from a fall allegedly caused when the doors of an automatic elevator in a federal court and office building closed in an unduly fast manner on her right heel. General Elevator maintained and serviced the elevator pursuant to a contract with a United States governmental agency. Seay's action against General Elevator was based on alleged negligence in failing to maintain the elevator, over which Seay contended it had exclusive control and custody, in a safe condition. We

concluded that the circumstances did not warrant a finding that the elevator was under the exclusive control of General Elevator. This conclusion was made in disposing of Seay's contention that the doctrine of res ipsa loquitur was applicable and was based, in part, upon plaintiff Seay's knowledge of how the elevator door operated and the safety features built into it.

The cited case (Seay) displays all those matters of evidence that should be considered in determining whether defendant Otis did in fact have exclusive control. These matters of evidence are not before us. The stipulated fact that the elevator maintenance agreement are not available to us. The stipulated fact that the elevator was *maintained* exclusively by defendant, standing alone, does not warrant the conclusion that defendant Otis was in exclusive *control* of the elevator when plaintiff allegedly was injured.

In Otis Elevator Co. v. Embert (1951), 198 Md. 585, 84 A.2d 876, 883, the court held that, "Maintenance" does not include operation, or supervision of operation, or advice regarding operation.

This brings us to the matter of the sufficiency of the instructions, quoted above, given by the court regarding defendant's duty to exercise care in the maintenance of the elevator.

In Seay v. General Elevator Company, supra, (at 522 P.2d 1028, 1029) we recognized the care owed by concerns having a contractual responsibility to maintain elevators. We found no reversible error in the instruction there given that the company (General Elevator), having a contract obligation to maintain and service an elevator, had the duty to exercise ordinary care, commensurate with the danger to inspect, repair, and maintain the elevator in a safe operating condition.

It is our conclusion, upon comparing the above instruction with those given in the present case, that no reversible error occurred in giving the instructions in the present case.

Plaintiff further contends that defendant occupied the position of a carrier of persons for reward and therefore was subject to the statutory care provisions applicable to such carriers.

Plaintiff has reference to 13 O.S.1971, § 32, which provides:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

Plaintiff did submit an instruction that a company charged with the maintenance of passenger elevators owes to the passengers using the same the highest degree of care, vigilance, and precaution. The trial court refused to give the instruction.

Plaintiff's argument, in effect, is that the hospital (in which the subject elevator was located) had the elevator installed, maintained, and operated, as a part of its overall functions, in order to attract patronage, thereby assuring revenues to it which would be in part a compensation to the hospital for furnishing and carrying patients, employees, and others on the elevator. Plaintiff then cites out of the state authority in an effort to show that this imposes on the hospital the duty to exercise the care imposed on a carrier of persons for a reward. Based on this premise, plaintiff then asserts that by virtue of defendant's exclusive control maintained over the elevator, defendant stands in the shoes of the hospital relative to persons transported in the elevator, and defendant would be required to exercise the same degree of care as the hospital.

■ We do not pass upon the validity of plaintiff's proposition that the hospital's duty to exercise care is that of a carrier of persons for a reward. There is no need to do this. We have held herein, supra, that defendant Otis Elevator did not have "ex-

clusive control" of the elevator. Defendant did not "stand in the shoes of the hospital" and its duty in this respect was not that of the hospital. A vital element in plaintiff's theory is not present.

As heretofore stated, in Seay v. General Elevator Company, supra, we said "General Elevator was, of course, not the owner, but it had a contract responsibility." In the instant case the defendant Otis' liability for injury to persons using the elevator would be because of negligence, if any, in performing its contract to maintain the elevator. This is a question of fact to be determined at the trial of the issues raised by the pleadings and evidence.

In 26 Am.Jur.2d, Elevators and Escalators, § 17, it is stated:

"A service, maintenance, or elevator company, voluntarily assuming a duty to inspect, maintain, or repair an elevator, either as a matter of contract or as a matter of gratuitous aid or assistance, may be liable for injuries or damage suffered by a party other than the person with respect to whom the duty was assumed, because of negligence in carrying out the inspection, or in failing to inspect." * * * However, the duty of one undertaking to make such inspections is limited to the scope of the undertaking, and there can be no liability for injury caused by a defect or other matter outside that scope."

Also, see Annotation, 6 A.L.R.2d 391, Automatic Elevator-Liability, § 3, p. 395.

We find no reversible error in the matters raised and presented by plaintiff.

Judgment of lower court affirmed.

WILLIAMS, C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and DOOLIN, J., dissent.