## Ann RODGERS v. LA QUINTA MOTOR INN

93-1338                                                    873 S.W.2d 551

Supreme Court of Arkansas
Opinion delivered April 18, 1994

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Friday, Eldredge & Clark*, by: *William M. Griffin III* and *Betty J. Demory*, for appellee.

Tom Glaze, Justice. On May 6, 1991, the appellant, Ann Rodgers, was a business invitee of the appellee's La Quinta Motor Inn located on Shackleford Road in Little Rock. During the night and while in bed, Rodgers felt pain in her lower leg. Rodgers was treated and later underwent surgery for her injury which she was told was probably due to a bite from a brown recluse spider. No spider was ever found.

On August 10, 1992, Rodgers filed suit against La Quinta, alleging the motel breached its duty of ordinary care in properly treating "the hotel rooms for possible spiders that could injure overnight patrons." On April 19, 1993, La Quinta filed a motion for summary judgment, alleging that it used reasonable care and no duty to Rodgers was breached. In addition to a supporting brief, La Quinta's motion was accompanied by invoices from Jim Jamison Pest Control showing bimonthly spraying and "specimen labels" for several insecticides used by Jamison's pest control company. To support her position against the motion for sum-

mary judgment, Rodgers submitted an affidavit from Thomas Rasul, owner of M & N Pest Control, stating that the information submitted by La Quinta did not indicate adequate applications of insecticide to control spiders.

Following a hearing on La Quinta's motion for summary judgment on July 23, 1993, the trial court granted the motion and dismissed the case with prejudice. Rodgers appeals from that order.

On appeal, Rodgers argues the trial court erred in granting the summary judgment because a disputed fact existed concerning whether her room was sprayed by the pest control company. Rodgers points out that none of the invoices indicated what rooms were sprayed and none indicated that her room was specifically sprayed. Thus, Rodgers argues this omission raises a question of fact as to whether La Quinta breached its duty of care to her as an invitee to keep her room in a reasonably safe condition.

On the other hand, La Quinta argues that Rodgers failed to prove that it had the required knowledge that brown recluse spiders were present on the premises. For support, La Quinta cites *Kay* v. *Kay*, 306 Ark. 322, 812 S.W.2d 685 (1991), wherein this court adopted a California rule that the owner or occupier of a private residence does not have a duty to protect or prevent bites from harmful insects where (1) it is not generally known that the specific insect is indigenous to the area; (2) the homeowner has no knowledge a specific harmful insect is prevalent in the area where his residence is located; (3) the homeowner has never seen the specific type of harmful insect either outside or inside his home; and (4) neither the homeowner nor the injured guest has seen the specific insect that bit the guest either before or after the bite occurred.

Rodgers attempts to distinguish our holding in *Kay* by arguing that a private residence was involved there, but that here her case involves a business. We find this distinction without merit since in both cases, the plaintiffs were business invitees, and the duty of care owed was the same in each case.

Under summary judgment, it is appropriate to sustain such a grant if the record demonstrates that there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law. *Tullock* v. *Eck*, 311 Ark. 564, 785 S.W.2d 31 (1993). Our holding in *Kay* is controlling here, and in applying those elements to the case at bar, the trial court did not err in granting summary judgment.

Here, Rodgers failed to present evidence that La Quinta knew the brown recluse spider was prevalent in the area where the motor inn is located, and that La Quinta or its employees had ever seen a brown recluse spider on the premises. Further, Rodgers failed to show that either she or La Quinta employees ever saw the spider that bit her. In addition, as was the case in *Kay*, Rodgers was unable to show that the spider which bit her was in her motel room as the result of La Quinta's negligence or whether it was brought into the room by her. For the foregoing reasons, we affirm.