Joyce Kathleen COPELAND and Patrick Copeland, Appellants,

v.

ADMIRAL PEST CONTROL CO., Defendant/Appellee,

and

Lodging Enterprises, Inc., a Kansas corporation; and Green Country Inn of Merrian, a limited partnership, Defendants.

No. 87629.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 1, 1996.

Rehearing Denied Nov. 5, 1996.

Certiorari Denied Jan. 29, 1997.

---

James Frasier, Frasier, Frasier & Hickman, Tulsa, for Appellants.

Richard Edward Warzynski, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for Appellee.

## OPINION

BUETTNER, Judge:

Plaintiff, Joyce Copeland, and her husband brought this action ·alleging negligence of Lodging Enterprises, Inc., owner of a Days Inn Motel in Muskogee, and Appellee, Admiral Pest Control ("Admiral"). Copeland claims she sustained severe injuries and incurred medical expenses from a bite by a brown recluse spider while she was spending the night at the motel. She sought actual and punitive damages. She alleged Admiral took it upon itself, for a fee, to exterminate the premises she rented at the motel, and to keep it free from such things as spiders or other dangerous insects.

Admiral filed a motion for summary judgment alleging that it did not owe Copeland a duty to eliminate pests from the motel or to warn of the danger of those pests. It was premised upon Admiral's argument that Copeland was not a foreseeable person to whom it owed a duty because it was not the owner/occupier of the premises and had no contract or other business or personal relationship with Copeland.· The trial court agreed and sustained Admiral's motion. Copeland lodges this appeal in conformance with Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2.[1]

In its motion for summary judgment, Admiral admitted it had an oral contract with the motel owner to treat the motel for pests, including insects, and that it performed those services about every four weeks. It submitted statements reflecting treatments every month during 1992 at a charge of $65.00 a

---

1. The trial court certified its order as final pursuant to 12 O.S.1991 § 994, finding there was not just reason for delay. Plaintiffs' claims against the motel owner remain pending and it appears they dismissed Green Country Inn from the lawsuit. Neither is a party to this appeal.

month. Admiral's motion for summary judgment relied solely on a lack of a duty on its part to Plaintiff. Copeland's response did not controvert any of Admiral's evidence or statement of facts.

### THIRD–PARTY BENEFICIARY

The response did raise Copeland's potential status as a third-party beneficiary of the pest control contract, but presented no evidence of such status.

Title 15 O.S.1991 § 29 provides:

"A contract, made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it."

■ Copeland has presented no evidence that the pest control contract was made expressly to benefit her. It is not necessary that third-party beneficiaries be specifically identified at the time of contracting, but it must appear that the contract was expressly made for the benefit of a class of persons to which the party seeking enforcement belongs. *Oil Capital Racing Assn, Inc. v. Tulsa Speedway, Inc.*, 628 P.2d 1176, 1179 (Okla. App.1981). However, incidental benefit is insufficient. *Lynn v. Rainey*, 400 P.2d 805 (Okla.1964).

■ Under the facts presented to the trial court, there is no evidence that Admiral, or the motel, specifically intended to benefit motel guests to the extent that motel guests could enforce the contract in court. See *Allstate Ins. Co. v. Amick*, 680 P.2d 362, 365 (Okla.1984) (third-persons injured by an insured are strangers to a liability insurance contract).

### NEGLIGENCE

■ Even though we do not find that Copeland was a third-party beneficiary of the pest control contract, liability for injuries to third persons may be imposed in tort. The essential elements of negligence are (1) a duty owed by defendant to protect plaintiff from injury, (2) a failure to properly exercise or perform that duty, and (3) injuries to plaintiff proximately caused by defendant's failure to exercise his duty of care. *McKellips v. St. Francis Hospital, Inc.*, 741 P.2d 467, 470 (Okla.1987). Duty is clearly the threshold question in any negligence action. *Haas v. Firestone Tire & Rubber Co.*, 563 P.2d 620, 625 (Okla.1976). Whether or not a duty exists depends on the relationship between the parties. Duty of care is a question of law. The court decides whether a defendant stands in such a relationship to a plaintiff that the defendant owes an obligation of reasonable conduct to persons who are foreseeably endangered by his conduct with respect to risks which make the conduct unreasonably dangerous. *Wofford v. Eastern State Hospital*, 795 P.2d 516 (Okla.1990).

■ Copeland relies upon the contract between Admiral and the Days Inn Motel to create a duty of care. Absent a contractual relationship, Admiral clearly had no duty to treat the motel for pests or any duty to protect Copeland from the danger of spider bites. The undisputed evidence is that Admiral had an oral contract with the Days Inn Motel to treat the motel for pests every four weeks. The extent of Admiral's duty to third persons is to be measured by the nature and scope of the contractor's contractual undertaking. *Qualls v. U.S. Elevator Corp.*, 863 P.2d 457, 462 (Okla.1993).[2] There is no evidence that Admiral breached the contract or performed the contract negligently. Admiral owed no greater duty to a stranger to the contract than it owed to the motel. Copeland has not shown that Admiral *guaranteed* that the motel would be insect-free as a result of its treatments, or that such a contractual provision would result in a cause of action in favor of guests. To recognize a tort cause of action under these facts would make the service provider an insurer of his work, contrary to the terms of his contract and existing law.

---

**2.** Also see *Rose v. Sapulpa Rural Water Company*, 631 P.2d 752 (Okla.1981) in which, after finding no contractual duty to maintain and inspect a fire hydrant, the court also found no general duty to do so. And in *Fretwell v. Protection Alarm Company*, 764 P.2d 149 (Okla.1988), the court applied contractual limitations of liability in a negligence action brought by a third-party beneficiary of a burglar alarm contract.

The dissent relies upon *Delbrel v. Doenges Brothers Ford, Inc.*, 913 P.2d 1318 (Okla. 1996). The duty found in *Delbrel* arose from a contractual relationship between Doenges Brothers and a car owner which called for Doenges Brothers to repair a car. The car later broke down. Delbrel, a passenger in the car, was seriously injured while pushing the car off the roadway. The Supreme Court found that Doenges Brothers owed a duty of care to persons who could foreseeably be injured by negligent failure to repair or warn against a dangerous condition of the vehicle. The *Delbrel* Court cited *McCain v. Florida Power Corp.*, 593 So.2d 500, 502 (Fla.1992) for the concept that the "focus of the duty element of negligence is on whether the defendant's conduct creates a broader 'zone of risk' that poses a general threat of harm to others." 913 P.2d at 1321.

Even this analysis must take into consideration from where the duty, if any, arises. The assumption in *Delbrel* is that Doenges Brothers contractually agreed to repair the car; that the contractual obligation created the duty to make repairs in a workmanlike manner; that failure to repair the car could create a risk to third persons, who, if injured, could sue Doenges Brothers in negligence. If there was no contractual obligation to repair the car (or no voluntary acceptance of such a task), then Doenges Brothers would owe no duty to the car owner or third persons.

The instant case is thus distinguishable from *Delbrel*. The facts relating to the contract are undisputed. Admiral was to spray the motel every four weeks. There was no warranty or guarantee that the motel would be pest-free. Admiral's performance of its contractual obligation did not create a risk of harm at all. The risk of being bitten by a spider is a general risk we all face. *Butcher v. Gay*, 29 Cal.App.4th 388, 404, 34 Cal. Rptr.2d 771 (1994) ("Insects are a part of

life's burdens and it is reasonable to conclude a person cannot be held responsible for their existence. Where one has not fostered an environment designed to cultivate such predators they are simply part of the inherent risks of living.") The motel's desire to reduce that risk by utilizing Admiral's pest control services does not create a negligence cause of action in favor of every guest at the motel. The fact that spraying for pests actually reduces the zone of risk that poses a general threat of harm to others is sufficient to distinguish this case from *Delbrel*.[3]

■ There is an undisputed duty of an innkeeper to keep the premises in a reasonably safe condition for the use of the invited public. *Buck v. Del City Apartments, Inc.*, 431 P.2d 360, 365 (Okla.1967).[4] The *Delbrel* analogy would support extension of the innkeeper's duty to friends and family of a registered guest who may be harmed by a spider. But *Delbrel* has no application to the facts of this case. The dissent would use *Delbrel* to transfer the innkeeper's duties to the pest control company. In *Abernathy v. Otis Elevator Corp.*, 533 P.2d 971, 975 (Okla. 1975), the Supreme Court found that the defendant, which contracted to inspect and maintain a hospital elevator, did not "stand in the shoes of the hospital" and that it did not assume the hospital's duty regarding the elevator. Rather, defendant's liability would arise because of negligence, if any, in performing its contract to maintain the elevator.

Based upon the contract before us, Admiral had a duty not to negligently spray its pesticides so as to harm third persons, but did not have a general or contractual duty to eliminate every spider from the motel. Thus, we find that Admiral had no duty to prevent plaintiff's injuries.

*AFFIRMED.*

---

**3.** Because there is no allegation of negligent spraying, there is little to distinguish the pesticide sprayer from the pesticide manufacturer, other than the sprayer's agreement to spray every four weeks. Certainly the dissent would not find the manufacturer of a pesticide had a duty to keep pest-free all places in which its products are used.

**4.** The duty of an innkeeper with respect to brown recluse spiders is not before us. For a general discussion of such duty, see *Rodgers v. La Quinta Motor Inn*, 316 Ark. 644, 873 S.W.2d 551 (1994) and *Brunelle v. Signore*, 215 Cal.App.3d 122, 263 Cal.Rptr. 415 (1989).

JOPLIN, J., concurs.

HANSEN, P.J., dissents with separate opinion.

HANSEN, Presiding Judge, dissenting:

Admiral's motion for summary judgment relied solely on a lack of a duty on its part to Plaintiff. No other element of an action for negligence was presented to the trial court. It was on this basis, and this basis alone, that the trial court granted summary judgment to Admiral. The decision in this case should not be based on any other theory such as breach of warranty, or a contract where Admiral might be charged with its breach if it promised to extinguish every single bug in the place. These issues have not been briefed or heard by the trial court.

Duty is clearly a threshold question in a negligence action. *Haas v. Firestone Tire & Rubber Co.,* 563 P.2d 620 (Okla.1976). Whether or not a duty exists depends on the relationship between the parties. The court decides whether a defendant stands in such a relationship to a plaintiff that the defendant owes an obligation of reasonable conduct for the benefit of the plaintiff. The most important consideration in establishing a duty is foreseeability. *Wofford v. Eastern State Hospital,* 795 P.2d 516 (Okla.1990).

The majority stresses no such relationship ever existed between Admiral and Plaintiff largely because of the lack of a contract between them. I disagree. Even though Admiral had no contractual relationship with Plaintiff, Plaintiff clearly is a beneficiary of insect extermination from the motel. Why else would a proprietor feel the need to provide such services?

The majority attempts to distinguish the recent Supreme Court decision dealing with the issue of a defendant's liability to a foreseeable plaintiff who had no contractual relationship with the alleged tortfeasor. In *Delbrel v. Doenges Brothers Ford, Inc.,* 913 P.2d 1318 (Okla.1996), the plaintiff was pushing a disabled vehicle off a public roadway when he was struck from behind by another vehicle. The plaintiff was a passenger in the car that had been previously repaired by Doenges Brothers Ford. The car died in the roadway. The Supreme Court held that even though the plaintiff was a stranger to Doenges, it was foreseeable that he would be injured by any negligence of Doenges. The court held no privity was necessary in a tort action based on negligence. The Court observed that the Court in *Truitt v. Diggs,* 611 P.2d 633, 636 (Okla.1980), stated "the traditional rule at common law was that privity of contract was required before a cause of action in tort arose from a breach of duty created by contract, but now this restriction in cases involving physical injury to third persons has in many instances been eliminated or modified." In the present case, it is likewise foreseeable that Plaintiff could be injured if Admiral performed its duties in a negligent manner.

The Court in *Delbrel,* further cited *Stuckey v. Young Exploration Co.,* 586 P.2d 726 (Okla.1978). That decision held a duty of a repairer of chattels to exercise reasonable care was quite aside from any obligation in contract and that one who negligently repairs a vehicle at the request of the owner is liable to third persons who might be injured by his negligence.

Such a duty to third persons certainly may be equated to the duty here to perform extermination services with reasonable care and in a workmanlike and non-negligent manner. I would hold an exterminator who contracts with an inn or hotel to eliminate bugs owes a duty to the patrons of that establishment to perform the bug extermination with reasonable care and in a workmanlike manner. *This does not mean the exterminator promises that every bug will be destroyed!*

Whether Admiral breached that duty, and whether such a breach caused Plaintiff's injuries is not before this Court as it was not argued at trial in Admiral's motion for summary judgment. These questions of fact would be resolved on remand.