**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 15 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL SALINAS,

       Plaintiff-Appellant,

v.

JAMAR, INC.; BEARD ESTATES,
LTD.; MODERN ENTERPRISES,
INC.; MONARCH ENTERPRISES,
INC.,

       Defendants-Appellees.

No. 98-7032
(D.C. No. 97-CV-449-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT   *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Michael Salinas [1] appeals from an order of the district court granting defendants' motion for summary judgment. [2] We affirm.

Michael Salinas was fifteen when he became a quadriplegic in a tragic accident resulting from his failure to complete a double back flip on a trampoline. The trampoline was owned by his neighbors, the Florences, and was located in their yard. Mr. Salinas admits he was an invitee on the Florence's property. See Appendix at 9(f) (pre-trial order admitted facts).

The Florences leased their residence in a low income housing project owned by defendants, Beard Estates, Ltd., and Modern Enterprises, Inc. The property was managed by defendant Monarch Properties, Inc. As a low income housing project, the property is subject to regulation under the Section 8 Housing Assistance Payment Program. See 24 C.F.R. § 886 Subpt. A ( § 886.113 setting forth housing quality standards).

_____

[1] Michael Salinas was a minor when this action was commenced. He thereafter reached the age of majority and filed an amended complaint in the district court to reflect his new status.

[2] This court originally noted that the appealed judgment was not final as to defendant Jamar, Inc. The district court subsequently certified the judgment pursuant to Fed. R. Civ. P. 54(b). The judgment is now appealable. See Heimann v. Snead, 133 F.3d 767, 770 (10th Cir. 1998); Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645-46 (10th Cir. 1988).

Mr. Salinas commenced this diversity action against the property owners and the property manager as well as the manufacturer of the trampoline, Jamar, Inc. and the retailer alleged to have sold the trampoline, The Mower Shop, Inc. Mr. Salinas settled his claims with The Mower Shop and entered into a stipulation to dismiss, without prejudice, his claims against Jamar, Inc. Mr. Salinas alleged the property owners and manager were negligent because they allowed the Florences to have a dangerous product on their property and did not require that warning labels be placed on the trampoline.

On appeal, Mr. Salinas argues that defendants violated federal law which dictates that Section 8 housing areas must be reasonably free from hazards to its occupants . He also contends that assumption of the risk is not a valid defense and that, even if it were, the Oklahoma constitution requires that assumption of the risk be decided by a jury. Finally, Mr. Salinas presented sobering evidence as to the danger of trampolines and that, despite this danger, manufacturers had not adequately warned consumers. Nevertheless, he asserts that the danger of the trampoline was not open and obvious.

As this is a diversity action, we look to Oklahoma substantive tort law, but we are governed by federal law in determining the propriety of the district court's grant of summary judgment. See Pegasus Helicopters, Inc. v. United Technologies Corp. , 35 F.3d 507, 510 (10th Cir. 1994).

> We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants. Summary judgment is appropriate only when the moving party shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case. The nonmovant may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.

Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994) (quotations and citations omitted).

In Oklahoma, "the essential elements of negligence are (1) a duty owed by defendant to protect plaintiff from injury, (2) a failure to properly exercise or perform that duty, and (3) injuries to plaintiff proximately caused by defendant's failure to exercise his duty of care." Copeland v. Admiral Pest Control Co., 933 P.2d 937, 939 (Okla. Ct. App. 1996) (citation omitted). Whether a duty is owed is the threshold issue in a negligence action and is a question of law. See id.

Mr. Salinas contends that defendants owed him a duty of care based on federal regulations governing Section 8 housing. However, § 886, Subpt. A was implemented to ensure that the property owner/manager provide living units and surrounding property which meet the basic standards of habitability. The regulations contain no requirement that the owner/manager monitor the personal

property of tenants to ensure that adequate warnings are present to prevent harm to invitees on the property.

Likewise, common law does not impose any duty on defendants in this situation. Cf. Price v. Smith, 373 P.2d 242, 244 (Okla. 1962) (property owner owes no duty of care over property that is within the sole control of the lessee; lessor is only liable for injuries due to improper maintenance of that portion of premises reserved by lessor or kept open for use by those other than tenant). Thus, a landlord has no duty to warn invitees that items owned by a tenant may be hazardous.

Defendants owed no duty to Mr. Salinas. Therefore we need not reach his remaining arguments. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-5-