**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MATTHEW J. RING, III,

      Plaintiff-Appellant,

v.

LEXINGTON APARTMENTS &
MOTOR INNS-OKLAHOMA, a Texas
general partnership; ARMGUARD,
INC.; JOHN DOES II-V,

      Defendants-Appellees.

No. 00-6104
(D.C. No. CIV-98-608-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Matthew J. Ring, III, appeals from orders of the district court granting summary judgment to defendants Lexington Apartments and Motor Inns–Oklahoma and Armguard, Inc.[1] We affirm in part and reverse and remand in part.

Mr. Ring was a guest at Lexington when he was assaulted, battered, pistol whipped, and robbed at gunpoint in his room by two unknown assailants. Hotel security was provided by Armguard, a contract security guard company. The guard on duty at the time of the attack had noticed the two men enter the hotel prior to the attack, but took no action aside from performing his regularly scheduled surveillance rounds.

Mr. Ring brought this action against Lexington and five John Does seeking damages based on Lexington's negligence in the operation of its hotel. Later Mr. Ring substituted Armguard for John Doe I. The district court granted defendants' motions for summary judgment holding that Lexington faced no liability because it had no reason to know that any criminal act would occur and that Mr. Ring's claims against Armguard were barred by the statute of limitations.

On appeal, Mr. Ring argues that the district court erred in granting summary judgment to Lexington because it permitted Lexington to delegate a nondelegable duty to shield itself from liability after holding that Armguard

---

[1] Mr. Ring does not contest the district court's dismissal of John Does II-V.

knew or had reason to know criminal acts were occurring or about to occur. Mr. Ring contends the district court should have imputed the knowledge of the agent security guard to the principal Lexington. As to Armguard, Mr. Ring asserts that the district court erred by allowing Armguard to raise the statute of limitations defense for the first time in its summary judgment motion and by shifting the burden of proof on the statute of limitations defense to him.

When reviewing a diversity action, we look to state substantive law, but we follow federal law in determining the propriety of the district court's grant of summary judgment. See Pegasus Helicopters, Inc. v. United Techs. Corp., 35 F.3d 507, 510 (10th Cir. 1994). "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court" under Fed. R. Civ. P. 56(c). Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if there is sufficient evidence so that a rational trier of fact could find for the non-movant. Simms, 165 F.3d at 1326. "An issue of fact is 'material' if, under the substantive law, it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). We examine the factual record and

reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

In Oklahoma, "[t]he essential elements of negligence are (1) a duty owed by defendant to protect plaintiff from injury, (2) a failure to properly exercise or perform that duty, and (3) injuries to plaintiff proximately caused by defendant's failure to exercise his duty of care." Copeland v. Admiral Pest Control Co., 933 P.2d 937, 939 (Okla. Ct. App. 1996) (citation omitted). Whether a duty is owed is the threshold issue in a negligence action and is a question of law. Id.

> [A]n invitor has a duty to exercise reasonable care to prevent injury to a business invitee. . . .,
>
> [but] does not have a duty to protect against criminal assaults by third parties unless the invitor knows or has reason to know that the acts are occurring or are about to occur. However, when the invitor has knowledge of imminent danger to an invitee, the invitor must act reasonably to prevent injury.

McClure v. Group K Enters., Inc., 977 P.2d 1148, 1150 (Okla. Ct. App. 1999) (citation and quotation omitted).

Clearly, Lexington did not have actual knowledge that a criminal act might occur. The question is whether the knowledge of the security guard should be imputed to Lexington. An invitor's duty to protect its invitees may not be delegated, thus, an invitor "cannot escape liability for an injury occasioned by its non-performance by showing the immediate cause of the injury was due to the negligence of an independent contractor." Hodge v. Morris, 945 P.2d 1047,

-4-

1049-50 (Okla. Ct. App. 1997) (quotation omitted); see also U.S. Sec. Servs. Corp. v. Ramada Inn, Inc., 665 So. 2d 268, 270-71 (Fla. Dist. Ct. App. 1995) (throughout the country, business invitors are charged with the non-delegable duty, which they may not contract out of by hiring an independent contractor, to provide business invitees reasonably safe business premises, "including reasonable protection against third-party criminal attacks"). In other words, while a business invitor may contract out the performance of his non-delegable duty to an independent contractor, he cannot contract out his ultimate legal responsibility for the proper performance of that duty by an independent contractor. See Copeland v. Lodge Enters., Inc., 4 P.3d 695, 700 (Okla. 2000). The business invitor "may be held vicariously liable for an independent contractor's failure to exercise reasonable care *even if the [invitor] has himself exercised due care.*" Id. Thus, if the security guard had knowledge that the two men he saw were about to commit a criminal act, that knowledge would be imputed to Lexington.

Mr. Ring presented evidence that when the security guard noticed the two men in the hotel, he knew who they were and knew they were bad individuals. The guard related this information to Mr. Ring after the attack and to the investigating police officer. [2] The district court even concluded that "a reasonable

---

[2] The guard's testimony changed at his deposition. Clearly, this issue is one of credibility for a jury to determine.

factfinder could conclude that the security guard on duty . . . knew or had reason to know that criminal acts were occurring or were about to occur." Plaintiff's App. at 313.

A factual question of whether the business invitor had knowledge of imminent danger has been found where the manager of a McDonalds restaurant observed three men enter the restaurant and begin harassing customers. She asked the men to leave, but did not check to see if they had left or call the police. The men went outside the restaurant, began making racist comments towards a customer waiting in the drive-through lane who left his car, at which time the men attacked him. See Taylor v. Hynson, 856 P.2d 278, 280-82 (Okla. 1993).

Similarly a factual issue was found where employees were not only aware of suspicious activity in the restaurant's parking lot, but were concerned enough to "watch the individual and [their] vehicles." Edington v. A & P Enters., Inc., 900 P.2d 453, 455 (Okla. Ct. App. 1994). The individual later attacked a patron leaving the restaurant.

Summary judgment should not have been granted to Lexington. As Lexington had contracted out its duty to protect its guests from criminal attacks by third parties, it can be held liable should the factfinder determine that the security guard knew or should have known that the two men might commit criminal acts.

As to his claims against Armguard, Mr. Ring maintains that his claim cannot be barred by the statute of limitations because Armguard did not raise the statute of limitations as a defense until its motion for summary judgment. The attack occurred August 18, 1996. Mr. Ring filed his complaint April 30, 1998. Mr. Ring named Lexington as a defendant along with five John Does. On May 7, 1999, Mr. Ring filed a motion to substitute Armguard as a party defendant in place of John Doe I. The motion was granted.

Oklahoma has a two-year statute of limitations for negligence actions. See Okla. Stat. tit. 12, § 95.3. Thus, Mr. Ring's substitution of Armguard for John Doe I occurred outside the statute of limitations and his action is barred if Armguard is precluded from raising the statute of limitations defense until its motion for summary judgment.[3]

Fed. R. Civ. P. 8(c) states that a defendant must plead a statute of limitations defense in its answer to the complaint. However,

> appellate courts are not inclined to find a technical failure to comply with Rule 8(c) fatal when the district court has chosen to recognize a belatedly asserted affirmative defense, so long as the record

---

[3] Mr. Ring does not contend that the substitution relates back to the original filing of his complaint. See Appellant's Br. at 22. Nor could he do so under the circumstances presented here. See Alexander v. Beech Aircraft Corp., 952 F.2d 1215, 1226-27 (10th Cir. 1991) (substitution of identified party for John Doe will relate back to date of original complaint only if three conditions, not present here, are met).

confirms that the plaintiff had adequate notice of the defense and was not deprived of the opportunity to respond.

Venters v. City of Delphi, 123 F.3d 956, 968 (7th Cir. 1997); see also Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice, however, an affirmative defense may be raised for the first time at summary judgment."). Mr. Ring has not established legally cognizable prejudice. Thus, Armguard did not waive its statute of limitations defense.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part and REVERSED and REMANDED in part for further proceedings consistent with this order and judgment.

Entered for the Court


David M. Ebel
Circuit Judge