**Robert E. DAVIS and Harry C. Evans, d/b/a Evans and Davis, Attorneys at Law, Appellants,**

v.

**Garol Ray LEITNER and Dorothy Leitner James, Appellees.**

**No. 69196.**

Supreme Court of Oklahoma.

Nov. 7, 1989.

Mark Lea (Beau) Cantrell, El Reno, for appellants.

Baker, Logsdon & Schulte by Harold Logsdon, Kingfisher, for appellees.

DOOLIN, Justice.

Appellees' Petition for Rehearing of the Court's opinion in this cause, published at 60 OBJ 383, Feb. 18, 1989, is hereby granted. Previous opinion is withdrawn and the following opinion is adopted in its place. Certiorari has been previously granted.

On May 31, 1981, Garol Ray Leitner (Leitner) executed a promissory note in the amount of $13,000, together with a mortgage on a certain tract of land, in favor of attorneys Robert E. Davis and Harry C. Evans (attorneys), to secure payment for legal services rendered. At Leitner's request attorneys did not record the mortgage.

Thereafter, Leitner executed a mineral deed, $50,000 promissory note and mortgage to his mother, Dorothy James (Dorothy), which mortgage was recorded on July 2, 1981. Leitner then conveyed all his interest in the property to Dorothy by a quit-claim deed which was recorded on August 27, 1982. Upon discovery of these instruments in favor of Dorothy, attorneys filed their mortgage of record on December 2, 1982.

Attorneys then brought this action to recover on the note from Leitner and to foreclose their mortgage lien on the subject property. They also named Dorothy as a defendant and sought to quiet title against her and to recover money damages for slander of title.

Key to attorneys' action against Dorothy was their allegation that at the time Leitner executed his quit-claim deed to her she had actual knowledge of the unrecorded mortgage in attorneys' favor. With such knowledge, they contend, Dorothy's title is subject to their lien.[1]

Dorothy moved for partial summary judgment, asserting that the recorded instruments of title should be given priority according to 16 O.S.1981, § 15, because she in fact had no knowledge of attorneys'

---

1. *Lively v. Davis*, 410 P.2d 851, 854 (Okl.1966), and see: *Continental Supply Co. v. Marshall*, D.C., 52 F.Supp. 717 (1943), reversed on other grounds 152 F.2d 300 (10th Cir.1945), certiorari denied, 327 U.S. 803, 66 S.Ct. 962, 90 L.Ed. 1028 (1945).

unrecorded mortgage, and it could not, therefore, be binding upon her. Attorneys responded to Dorothy's motion by filing their response in which they alleged there was a witness, Mr. Don James (Dorothy's ex-husband), who would testify that Dorothy had revealed to him that she did have prior knowledge of Leitner's mortgage to attorneys. To demonstrate to the court the nature and content of Mr. James' potential testimony, attorneys attached to their response a copy of a letter written by him to attorney Evans in which he, James, alleged facts which if substantiated would prove Dorothy's knowledge of the existence of attorneys' prior mortgage.

The trial court made a finding that there was no competent evidence before the court to indicate that Dorothy had knowledge of attorneys' mortgage prior to its being recorded, granted summary judgment which quieted title in Dorothy and declared her title free and clear of any claims by attorneys. Attorneys appealed this judgment and the Court of Appeals summarily affirmed.

■ We have granted certiorari to consider the issue of whether the trial court erred in granting summary judgment. For the reasons set out hereinbelow we find the trial court did err and we therefore vacate the opinion of the Court of Appeals, reverse the judgment of the trial court and remand the cause for further proceedings.

Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] In reviewing the grant or denial of summary judgment all inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to the party opposing the motion.[3]

District Court Rule 13(B), 12 O.S.Supp. 1985 Ch. 2, App., provides in pertinent part:

"If the adverse party or parties wish to oppose the granting of the motion, they shall serve on the moving party and file with the court clerk within fifteen days after service of the motion a concise written statement of the material facts as to which he or they contend a genuine issue exists and the reasons for denying the motion. The adverse party shall attach to the statement affidavits and *other materials containing facts that would be admissible in evidence*, but the adverse party cannot rely on the allegations or denials in his pleading...." [emphasis added].

The question to be answered then becomes whether the allegations in attorneys response as to Mr. James' potential testimony, together with the copy of his letter were sufficient to place material facts in issue and thus to defeat the motion for summary judgment,

This Court has previously held that the mere contention that facts exist or might exist is not sufficient to withstand summary judgment.[4] The party responding to a motion for summary judgment has an obligation to present something which shows that when the date of trial arrives, he will have some proof to support his allegations.[5]

The materials attached to a response to a motion for summary judgment are not to be held to the standard of competent, admissible evidence. It is enough that these "other materials" reasonably show the judge who is considering the motion that the party opposing the motion will be able at the time of trial to present competent, admissible evidence to support the allegations.

In the case before us the trial court was presented with a copy of a letter in a named witness' own handwriting containing specific allegations of fact which, if

2. *Buckner v. General Motors Corp.*, 760 P.2d 803, 812 (Okl.1988).

3. *Ross v. City of Shawnee*, 683 P.2d 535, 536 (Okl.1984).

4. *Loper v. Austin*, 596 P.2d 544, 546 (Okl.1979).

5. *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780, 784 (Okl.1976).

otherwise admissible, could persuade a trier of fact to find in favor of attorneys on the key issue of Dorothy's prior knowledge of their lien. Clearly, the response by attorneys alleged the existence of a controverted material fact and set out with great specificity the nature and content of the testimony which could and would be presented at trial to prove that allegation.

■ It is clear from the plain language of Rule 13, by the inclusion of the words "other materials", that attachments to a response in opposition to a motion for summary judgment are not to be limited to affidavits, depositions or any such strictly defined sort of evidentiary document. Supporting materials are sufficient if they show the reasonable probability, something beyond a mere contention, that the opposing party will be able to produce competent, admissible evidence at the time of trial which might reasonably persuade the trier of fact in his favor on the issue in dispute.

We find that attorneys did put such materials before the trial court in opposition to the motion for summary judgment, and therefore the granting of that motion in the face of controverted, material facts was error.

The opinion of the Court of Appeals is VACATED, the judgment of the trial court is REVERSED and the cause is REMANDED for further proceedings.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER and KAUGER, JJ., concur.

SIMMS, J., dissents.