2003 OK CIV APP 81

Donna JULIAN and Lawrence Julian, Plaintiffs/Appellants/Counter–Appellees,

v.

SECURED INVESTMENT ADVISORS d/b/a Vintage on Yale Apartments, Vintage on Yale, Ltd., and Vintage on Yale Limited Partnership, Defendants/Appellees/Counter–Appellants.

No. 98,891.

Court of Civil Appeals of Oklahoma, Division No. 2.

May 20, 2003.

Certiorari Denied Sept. 22, 2003.

Chris Knight, Chris Knight, P.C., Tulsa, OK, for Plaintiffs/Appellants/Counter–Appellees.

Bruce A. McKenna, G. Diane Lee, Holden & Mckenna, Tulsa, OK, for Defendants/Appellees/Counter–Appellants.

Opinion by RONALD J. STUBBLEFIELD, Judge.

¶1 This is the appeal by tenants from district court order granting summary judgment in favor of apartment owners in an action seeking damages for personal injuries sustained as a result of a fall in a common area of the apartment complex. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S.2001, ch. 15, app. 1. Based on our review of the record on appeal and applicable law, we reverse and remand.

## BACKGROUND FACTS

¶ 2 Donna and Lawrence Julian (hereafter Plaintiffs) were residents of the Vintage on Yale Apartments, which were owned and/or managed by Secured Investment Advisors d/b/a Vintage on Yale Apartments, Vintage on Yale Ltd., and Vintage on Yale Limited Partnership (hereafter Defendants or Owners). On January 12, 2000, between 7:00 and 7:15 a.m., Donna Julian was walking on the sidewalk toward her parked car preparing to go to work. As she approached her car she stepped on or tripped over a "chunk of rock-like debris" twisting her ankle and causing her to fall forward into her car, striking her head on the car bumper then striking the curb and the pavement. Plaintiffs filed this action against Defendants seeking damages for injuries sustained by Donna Julian as a result of Defendants' negligence in allowing debris to accumulate on the walkways of the apartment complex. Plaintiffs specifically alleged that Defendants' agents, servants, employees, or contractors created large amounts of debris in the apartment complex and failed to adequately clean it up. Lawrence Julian stated a claim for loss of consortium.

¶ 3 Defendants admitted that Plaintiffs were tenants of the Vintage on Yale Apartments but denied all other allegations. Defendants asserted as "affirmative defenses:" (1) comparative and/or contributory negligence; (2) assumption of risk; (3) failure to join indispensable party; (4) negligence of independent contractor or other third party over which Defendants had no control; (5) statute of limitations; (6) open and obvious condition; and (7) no duty to warn.

¶ 4 After deposing Plaintiffs, Defendants sought summary judgment on their claims. They asserted that they were entitled to judgment as a matter of law based on what they labeled as an "undisputed fact"—that the debris which caused Donna Julian's fall was open and obvious. They claimed that during her deposition she expressly and unequivocally admitted there was nothing to prevent her from seeing the debris which caused her fall.

¶ 5 According to Defendants, the record was also devoid of any proof that they placed the debris on the sidewalk or should have known of the presence of the debris. Furthermore, they asserted that the premises were appropriately lighted at the time of the incident, they had no duty to warn of or remove the debris and, under the circumstances, Donna Julian's voluntary use of the premises resulted in her assumption of risks related to the undisputedly open and obvious debris. Making a "condition versus cause" argument, they called Donna Julian's accident a "self-inflicted misfortune."

¶ 6 Defendants also sought summary judgment on the claim of Lawrence Julian. The basis for the motion was that his claim was entirely derivative of his wife's claim.

¶ 7 In response to Defendants' motions, Plaintiffs set forth their own statement of "undisputed facts" and specifically identified the facts in Defendants' statement which they claimed remained in dispute and precluded the grant of summary judgment. First, Plaintiffs disputed Defendants' assertion that the area where Donna Julian fell was adequately lit. They submitted evidentiary materials which they claimed showed that, although there were photocell lights in various locations in the parking lot and along the walkways, none directly illuminated the curve in the sidewalk where Donna Julian fell.

¶ 8 Next, Plaintiffs disputed Defendants' assertion that there was no proof Defendants placed the debris on the sidewalk or allowed it to remain there. Plaintiffs pointed out that although their apartment was located in a building that had been completed, when they moved into their unit in October 1999, construction and landscaping were ongoing with regard to other buildings in the 15–building hillside complex. They submitted excerpts from Lawrence Julian's deposition wherein he testified that he observed construction dump trucks constantly driving past the parking area for their building "dropping clumps of clay or debris off the back ... [which] would just hit the ground and bounce and go everywhere." Lawrence Julian also testified that landscape workers actually drove bobcats up and down the sloping sidewalk by their building, using it as a

ramp, dropping mud, gravel and debris in the process. According to Lawrence Julian's testimony, employees of the apartment complex would usually sweep debris in the evenings.

¶ 9 Lawrence Julian also testified that on one occasion prior to his wife's fall he observed a new tenant having difficulty negotiating the sidewalk up to the building. The man was attempting to move a piece of furniture on a dolly, but according to Lawrence Julian there "was so much gravel and debris on the sidewalk that you could hardly see the sidewalk," and the wheels on the dolly would not turn because the man "kept running into this gravel." Lawrence Julian asserted that he reported this to the complex office, and afterwards "[t]hey got some guys up there with shovels and brooms and they cleaned up the area."

¶ 10 Finally, Plaintiffs disputed Defendants' assertion that the rock/debris was open and obvious. Citing *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court), they argued that the fact Donna Julian had acknowledged that a chunk of concrete is something that you could ordinarily see, and that she was not carrying anything in her arms such as a brief case which would have obstructed her vision, does not mean that the debris constituted an open and obvious condition. They submitted additional excerpts of their deposition testimony describing how Donna Julian stepped on, or tripped over, a piece of concrete debris and fell while rounding a curve on the downward sloping sidewalk which was bordered by a retaining wall approximately five feet in height at the point where the accident occurred. Plaintiffs submitted color photographs showing the descending sidewalk, the height of the wall at the curve and debris that was purportedly similar in size, color and appearance to the piece of debris which Donna Julian claimed caused her to fall.

¶ 11 After Plaintiffs filed their response, Defendants sought leave to file a reply brief and also filed a motion to strike from the record (1) certain purportedly uncontroverted facts that Plaintiffs asserted precluded summary judgment; and, (2) portions of Plaintiffs' depositions appended to Plaintiffs' objection to summary judgment. Defendants claimed that the evidentiary materials submitted by Plaintiffs were insufficient to raise disputed issues of material fact and defeat their motion for summary judgment. They attacked Plaintiffs' evidentiary submissions for failing to "rise to the level of admissible evidence" describing them as "speculation," "not the best evidence" and "ambiguous."

¶ 12 The Trial Court denied Defendants' motion to strike, but did grant summary judgment in their favor. Plaintiffs appeal.

¶ 13 Defendants have filed a counter-appeal from the Trial Court's ruling on their motion to strike, claiming the matter need only be reached in the event this Court were to consider those portions of the record which they claim should have been stricken.

## STANDARD OF REVIEW

¶ 14 The appellate standard of review of a trial court's grant of summary judgment is *de novo*. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On review, this Court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Id.* All inferences and conclusions to be drawn from the evidentiary materials will be viewed in the light most favorable to the non-moving party. *Id.*

¶ 15 This Court bears "an affirmative duty to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by the movant." *Copeland v. The Lodge Enters., Inc.*, 2000 OK 36, ¶ 8, 4 P.3d 695, 699. The focus in summary process is not on the facts which might be proven at trial, but rather on whether the tendered proof in the record reveals only undisputed material facts supporting but a single inference that favors the movant's motion for summary judgment. *Polymer Fabricating, Inc. v. Employers Workers' Comp. Ass'n*, 1998 OK 113, ¶ 7, 980 P.2d 109, 112. This Court will reverse the grant of summary judgment where it appears from the evidentiary materials that material facts concerning issues raised in the case are

conflicting or, if the material facts are undisputed, that reasonable persons in the exercise of fair and impartial judgment might reach different conclusions from those facts. *See Buck's Sporting Goods, Inc. v. First Nat'l Bank & Trust Co. of Tulsa,* 1994 OK 14, ¶ 11, 868 P.2d 693, 697–98.

## DISCUSSION

### I. Defendants' Attack on Plaintiffs' Evidence

¶ 16 We shall first consider Defendants' "counter-appeal" because of their claim that this Court should not consider much of the evidentiary materials offered by Plaintiffs in response to their summary judgment motion. Actually, the challenge to the evidence offered by Plaintiffs is not reviewable as a counter-appeal because the appealed order was an interlocutory order which is not appealable by right. 12 O.S.2001 § 993; Okla. Sup.Ct. R. 1.27, 12 O.S.2001, ch. 15, app. 1. However, we shall address the issue raised by Defendants to support their claim that they are entitled to judgment as a matter of law because much of the evidentiary material submitted by Plaintiffs is not acceptable under Oklahoma District Court Rule 13, 12 O.S. Supp.2002, ch. 2, app. 1.

█ ¶ 17 We find Defendants' arguments reflect a basic misunderstanding of the nature of summary judgment process in Oklahoma courts. In this regard, the Oklahoma Supreme Court's pronouncements in *Copeland* are instructive:

> While the mere contention that material facts are in dispute is not sufficient to defeat a plea for summary judgment, neither is the nonmovant to be held to the standard of producing forensic evidence. The nonmovant must merely "present something which shows that when the date of trial arrives, he will have some proof to support his allegations." *For an item of evidentiary material to be insufficient to defeat a motion for summary judgment, it must either facially lack probative value*

> *or be incapable of conversion at trial to admissible evidence.*

*Copeland,* 2000 OK 36 at ¶ 9, 4 P.3d at 699 (emphasis added; footnotes omitted) (quoting *Davis v. Leitner,* 1989 OK 146, ¶ 12, 782 P.2d 924, 926). In *Davis,* the Court stated that the evidentiary materials attached to a response to a motion for summary judgment "are not to be held to the standard of competent, admissible evidence." *Davis,* 1989 OK 146 at ¶ 13, 782 P.2d at 926.

¶ 18 Recent amendments to Oklahoma District Court Rule 13, 12 O.S. Supp.2002, ch. 2, app. 1, which were in effect at the time Defendants sought summary judgment,[1] reflect these pronouncements in *Copeland* and *Davis.* The amended rule omits the references to "admissible evidence"—a phrase which Defendants constantly brandished in their briefs below—replacing them with "acceptable evidentiary material." Rule 13(b). The rule sets forth the procedure for challenging admissibility of evidentiary material submitted by another party when that material *"does not appear to be convertible to admissible evidence at trial."* Rule 13(c)(emphasis added).

█ ¶ 19 Defendants' motion to strike attacked substantial portions of Plaintiffs' evidentiary materials as inadmissible because, according to Defendants, the materials neither controverted Defendants' statement of undisputed facts nor supported undisputed facts identified by Plaintiffs. For example, Defendants moved to strike Plaintiffs' assertion that the debris was a "chunk" of concrete the same color as the walkway, claiming that Donna Julian did not testify that the colors of the walkway and the debris were the same. However, in making that claim, Defendants referred only to selected excerpts of her deposition testimony.

¶ 20 In other portions of her deposition, Donna Julian testified that she remembered "stepping on something very hard," describing it as "one big chunk," and her testimony established that Plaintiffs retained possession of the chunk of debris. Also, as stated, photographs in the record tend to demon-

---

1. Oklahoma District Court Rule 13 was amended by order filed September 17, 2002, with amendments effective thirty days thereafter, or on October 17, 2002. Defendants' motion for summary judgment and motion to strike were both filed after the effective date of the amendments.

strate that the debris did not contrast markedly from the surface color of the sidewalk. Thus, it appears that "acceptable evidentiary material" establishes a controversy of fact for which there will be admissible evidence at trial.

¶ 21 After reviewing Defendants' motion to strike, we are unable to conclude that the Trial Court's decision, denying the motion in its entirety, was in error.

## II. Plaintiffs' Allegations of Error

■ ¶ 22 Plaintiffs' contentions of error may be summarized as the single contention that genuine issues of material fact precluded the grant of summary judgment. Defendants' motion for summary judgment was based on their assertion that the alleged defect in the premises—the rock/debris on the sidewalk—was open and obvious. They focused primarily on this excerpt from Donna Julian's deposition:

Q. Was there anything on that date that the incident occurred that would have prevented you from seeing this rock, stone, debris, whatever it was that you twisted your ankle on?

A. No, not that I can think of.

Q. [Were] you carrying anything in your arms when the incident occurred?

A. No. Only my purse. No.

Q. No briefcase?

A. No.

However, after our review of the entire record, we find that reasonable minds could differ as to whether the sidewalk debris constituted an open and obvious hazard.

¶ 23 The Oklahoma Supreme Court has stated that "the characteristic of an item as being observable ... cannot, by itself, require that item to be declared as a matter of law an open and obvious danger." *Zagal v. Truckstops Corp. of America,* 1997 OK 75, ¶ 9, 948 P.2d 273, 275. Instead, "[a]ll of the circumstances must be examined to determine whether a particular condition is open and obvious to the plaintiff or not." *Id.* (citing *Brown v. Nicholson,* 1997 OK 32, ¶ 8, 935 P.2d 319, 322).

¶ 24 Here, the evidentiary materials tend to show that the color of the piece of debris did not contrast markedly from the color of the sidewalk. And, from the submitted photographs, it does appear that the area where the sidewalk curved, next to a high retaining wall, was not directly illuminated by one of Defendants' photocell lamps. Viewing the facts and inferences in a light most favorable to Plaintiffs, as we must when reviewing the grant of summary judgment, we find that the issue of whether these factors created a concealed danger presents a question for the trier of fact.

¶ 25 The Oklahoma Supreme Court has rejected the "open and obvious" defense in several cases where the condition or defect was visible but, nevertheless, unseen by the plaintiff. We conclude that this case falls within the same category. *See Phelps v. Hotel Mgmt., Inc.,* 1996 OK 114, 925 P.2d 891 (plaintiff struck a glass bowl with the back of her head while taking her seat on a bench—although the glass bowl was visible, whether its position, in relation to the seating area, made it something other than harmless was jury question); *Roper v. Mercy Health Ctr.,* 1995 OK 82, 903 P.2d 314 (plaintiff tripped over small light fixture installed in sidewalk, and whether her claim of not seeing fixture because of pedestrian traffic was sufficient to treat fixture as a hidden defect was an issue to be determined by a jury); *Spirgis v. Circle K Stores, Inc.,* 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court) (issue of whether a pothole in parking lot was a hidden danger because of traffic was one to be decided by trier of fact).

■ ¶ 26 Furthermore, implicit in Defendants' characterization of Donna Julian's injury as "self-inflicted misfortune" is that her injury was a result of her own negligence. Comparative negligence issues are for the trier of fact to determine. Okla. Const. art. 23, § 6 ("The defense of contributory negligence or of assumption of the risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury.").

## CONCLUSION

¶ 27 When all tendered evidentiary materials are considered, there is a dispute of fact

over the material issue of the open and obvious character of the sidewalk debris. Based on the record before us, and in consideration of all of the circumstances, we find that reasonable minds could differ as to whether the sidewalk debris constituted a concealed danger. Thus, a jury question is presented, and we conclude that the Trial Court erred in granting summary judgment to Defendants.

¶ 28 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

COLBERT, V.C.J., and TAYLOR, P.J., concur.