2004 OK CIV APP 78

**MORRIS ZELIGSON PROPERTIES, LLC, and Travelers Indemnity Company of America, Plaintiffs/Appellants,**

v.

**SOUTH EAST AUTO TRIM, INC., and Bobby Hurst, Defendants/Appellees.**

No. 100,820.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 31, 2004.

Mark T. Koss, Oklahoma City, OK, for Plaintiffs/Appellants.

Stephen C. Wilkerson, Wilkerson, Wassall & Warman, Tulsa, OK, for Defendants/Appellees.

Opinion by TOM COLBERT, Chief Judge.

¶ 1 Plaintiffs, Morris Zeligson Properties, LLC (Landlord), and Travelers Indemnity Company of America (Travelers), appeal from an order of the trial court granting summary judgment in favor of Defendants, South East Auto Trim, Inc. (South East), and its president, Bobby Hurst. Upon review of the record on appeal and applicable law, we find that the trial court did not err in finding that Defendants are entitled to judgment as a matter of law and affirm its decision.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Landlord and Travelers filed a petition on January 9, 2004, alleging that South East breached its lease agreement with Landlord and negligently caused a fire which resulted in damage to the leased property. South East leased a commercial building in Tulsa, Oklahoma, from Landlord. In its breach of contract claim, Landlord claimed that South East agreed to hold it "harmless from any claims for damages, no matter how caused." Landlord alleged that on January 13, 2002, a fire occurred on the leased premises that essentially destroyed the western portion of the leased building and caused extensive smoke and water damage to the eastern portion of the building. Travelers was the insurance carrier for the leased property. Plaintiffs claimed that the fire caused $231,038.20 in property damage and lost earnings.

¶ 3 Plaintiffs further alleged that the fire resulted from the negligence of South East and/or its employees. They claimed that when South East closed its business operations on January 11, 2002, it negligently stored rolls of upholstery material inches away from a space heater that was left on after the employees left for the day. They also alleged that South East also negligently stored an open container of paint thinner a few feet away from the heater. They claimed that the fire was started when the upholstery material was ignited by the space heater.

¶ 4 Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. They argued that Plaintiffs' action for breach of contract based on indemnification should fail and asserted that Plaintiffs did not allege that South East or Hurst undertook to insure the building or improvements. They contended that Travelers, as Landlord's insurer, could not bring an action for subrogation against them as tenants of the building. They cited *Sutton v. Jondahl*, 1975 OK CIV APP 2, 532 P.2d 478, for the proposition that the insurer of a rental property can not bring an action against the tenant to recover the money it paid to the landlord for fire damage, even if the tenant

negligently caused the fire. They argued that Travelers, as a matter of law, could not bring an action to recover the amount of money it paid to Landlord.

¶ 5 As an exhibit to their motion to dismiss, Defendants attached the commercial lease between South East and Landlord. The lease contains an indemnification clause which provides the following: "Lessor shall not liable for any damage or injury to Lessee, or any other person, or to any property, occurring on the demised premises or any part thereof, and Lessee agrees to hold Lessor harmless from any claims for damages, no matter how caused." The lease also provides that South East must "maintain plate glass and public liability insurance including bodily injury and property damage insuring Lessee and Lessor with minimum coverage as follows: $300,000 Public Liability and $50,000 Property Damage." Most important to this discussion is the lease term that provides the following: "Lessor shall maintain hazard insurance covering one hundred percent replacement cost of the improvements throughout the lease term. Lessor's insurance will not insure Lessee's personal property or leasehold improvements."

¶ 6 In their response, Plaintiffs asserted that *Sutton's* holding does not apply to the commercial lease between Landlord and South East and that the lease agreement provides that South East must provide insurance against property damage. As evidence of South East's negligence, Plaintiffs presented a report from the Tulsa Fire Department which found that the cause of the fire was accidental. The report concluded that the probable cause of the fire was a space heater left too close to combustibles.

¶ 7 The trial court found that Defendants' motion to dismiss should be treated as a motion for summary judgment because it considered evidence outside the pleadings. Based on the pleadings and documents provided by the parties, the trial court granted summary judgment in favor of Defendants.

¶ 8 Plaintiffs appeal.

## STANDARD OF REVIEW

¶ 9 "Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Davis v. Leitner,* 1989 OK 146, ¶ 9, 782 P.2d 924, 926. In reviewing the grant or denial of summary judgment, we must view all inferences and conclusions to be drawn from the evidentiary materials in a light most favorable to the party opposing the motion. *Id.*

¶ 10 Although a trial court considers factual matters when deciding whether summary judgment is appropriate, its ultimate decision is purely legal: "whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions." *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. Therefore, our standard of review on appeal is *de novo. Id.*

## ANALYSIS OF ISSUES

¶ 11 Plaintiffs frame the issue presented on appeal as follows: "Does *Sutton v. Jondahl* [1975 OK CIV APP 2, 532 P.2d 478], control in a commercial setting where the landlord held out for an agreement that the tenant would furnish insurance which named the landlord as an additional insured?" In *Sutton,* a landlord's fire insurance carrier sued a tenant and his ten-year old son to recover monies paid to the landlord for damage caused by a fire started by the son. The Court of Civil Appeals held that the insurance company had "no subrogational rights against the tenant of its policyholder." *Id.* at ¶ 20, 532 P.2d at 481. The Court offered the following explanation:

Under the facts and circumstances in this record the subrogation should not be available to the insurance carrier because the law considers the tenant as a co-insured of the landlord absent an express agreement between them to the contrary, comparable to the permissive-user feature of automobile insurance. *This principle is derived from a recognition of a relational reality, namely, that both landlord and tenant have an insurable interest in the rented premises-the former owns the fee and the latter has a possessory interest.* Here the landlords (Suttons) purchased the fire in-

surance from Central Mutual Insurance Company to protect such interests in the property against loss from fire. This is not uncommon. And as a matter of sound business practice the premium paid had to be considered in establishing the rent rate on the rental unit. Such premium was chargeable against the rent as an overhead or operating expense. And of course it follows then that the tenant actually paid the premium as part of the monthly rental. *Id.* at ¶ 22, 532 P.2d at 482 (emphasis added). The Court further observed that the landlord could have held out for an agreement under which the tenant would be required to furnish fire insurance, but the landlord chose not to hold out for such agreement. The Court went on to reason that an insurance company "should not be allowed to shift a fire loss to an occupying tenant *even if the latter negligently caused it.*" *Id.* at ¶ 24, 532 P.2d at 482 (emphasis added).

¶ 12 In *Hanover Insurance Co. v. Honeywell, Inc.*, 200 F.Supp.2d 1305 (N.D.Okla. 2002), the United States District Court for the Northern District of Oklahoma granted summary judgment in favor of a commercial tenant who was sued by its landlord's insurance company to recover damages paid to the landlord for a fire claim. The lease between the landlord and tenant provided that the landlord must insure the leased premises for fire, casualty, and public liability and the landlord obtained insurance from Hanover. *Id.* at 1307. The insurance policy included a right of subrogation wherein the rights of the landlord would be transferred to the insurance company upon its payment of a covered claim. *Id.* at 1308. A fire destroyed the entire building leased by the tenant and the insurance company paid the landlord's claim. The insurance company then sought to recover from the tenant the sum paid to the landlord for damages. *Id.*

¶ 13 The court defined subrogation as "the equitable right of an insurer to be put in the position of its insured so that it may pursue recovery from any third parties who are legally responsible to the insured for a loss paid by the insurer." *Id.* at 1308–09. Citing the ruling in *Sutton,* the court found that the insurance company could not seek recovery from the tenant. *Id.* at 1312. It specifically rejected the insurance company's argument that *Sutton* does not apply to commercial leases. *Id.* at 1311–12.

¶ 14 Viewing the facts here in a light most favorable to Plaintiffs, we find that the trial court did not err in finding that Defendants are entitled to judgment as a matter of law. The undisputed facts show that the lease agreement between Landlord and South East provided that Landlord was to maintain hazard insurance to cover the replacement cost of the leased building. South East was only to provide insurance for "plate glass" and "public liability." Under the holding of *Sutton,* the reasoning of which we find persuasive and applicable, Travelers does not have a right of subrogation to obtain recovery from South East and/or Hurst, even if their negligence caused the fire, unless there is an express provision between the parties that South East would provide fire insurance. Clearly, the lease places the burden of obtaining such insurance on Landlord. Accordingly, we find that Defendants are entitled to judgment as a matter of law.

## CONCLUSION

¶ 15 We find that the trial court did not err in granting summary judgment in Defendants' favor. Therefore, the judgment of the trial court is affirmed.

¶ 16 AFFIRMED.

REIF, P.J., and STUBBLEFIELD, J. (sitting by designation), concur.