OSCN Found Document:MUEGGENBORG v. PLACE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MUEGGENBORG v. PLACE
2016 OK CIV APP 8
Case Number: 114068
Decided: 12/29/2015
Mandate Issued: 02/08/2016
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2016 OK CIV APP 8, __ P.3d __

 

DARRELL MUEGGENBORG and JENNIFER MUEGGENBORG, Plaintiffs/Third-Party Defendants/Appellees,
v.
JASON L. PLACE, SR. and MARY H. PLACE, Defendants/Third-Party Plaintiffs/Appellees,
and
BONITA STADLER, PAYNE COUNTY TREASURER, and THE BOARD OF COUNTY COMMISSIONERS OF PAYNE COUNTY, OKLAHOMA, Defendants/Third-Party Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF
PAYNE COUNTY, OKLAHOMA

HONORABLE PHILLIP C. CORLEY, TRIAL JUDGE

AFFIRMED

Noah Fontanez, FONTANEZ LAW FIRM, Tulsa, Oklahoma, for Defendants/Third- Party Plaintiffs/Appellees
Lowell A. Barto, ASSISTANT DISTRICT ATTORNEY, PAYNE COUNTY, Stillwater, Oklahoma, for Defendants/Third-Party Defendants/Appellants

JANE P. WISEMAN, JUDGE:

¶1 Bonita Stadler, as the Payne County Treasurer, and the Board of County Commissioners of Payne County, Oklahoma (collectively, Defendants) appeal the trial court's grant of summary judgment in favor of Jason L. Place, Sr., and Mary H. Place. This appeal is assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp. 2015, ch. 15, app. 1, which we consider without appellate briefing. After review, we affirm.

FACTS AND PROCEDURAL HISTORY

¶2 This tax resale deed case began as a small claims forcible entry and detainer action by Darrell and Jennifer Mueggenborg to recover possession of certain Payne County real property from Jason and Mary Place. In response to the small claims affidavit, the Places filed an answer, counterclaim, and cross-claim.[1], [2] This pleading also contained a motion to transfer the small claims case to district court. This motion was granted, and the small claims case was transferred to the district court civil docket where it proceeded under the present trial court case number, CJ-2014-274.

¶3 After the transfer, the Mueggenborgs filed their petition to quiet title to certain real property, claiming ownership of the following property by virtue of a county treasurer's resale deed: "Lots 19, 20, 21, and 22, in Block 6, Minnick's Addition to the City of Yale, Payne County, State of Oklahoma, according to the recorded plat thereof, for which Deed Plaintiffs paid the office of the Payne County Treasurer the sum of $7,900.00." The Mueggenborgs named as defendants Jason L. Place, Sr., Mary H. Place, Payne County Treasurer Bonita Stadler, and the Payne County Board of County Commissioners. In the alternative, the Mueggenborgs asked that Defendants, Treasurer and the Board of County Commissioners be required to return their $7,900 and pay the Mueggenborgs' costs expended in litigation if it is determined that Treasurer and the Board of County Commissioners failed to follow statutory procedures in the tax sale.

¶4 On April 15, 2015, the Places filed a motion for summary judgment. We summarize here the statements of fact that the Places assert were uncontroverted:

· Before June 11, 2014, they owned lots 19, 20, 21, and 22 in Block 6, Minnick's Addition in Yale, Oklahoma (the Property) which they obtained by warranty deed on April 6, 2005, and where they have lived continuously since that time.

· They "attempted to pay 2010's taxes in 2013 but the Payne County Treasurer's office applied their payment to the 'current' year being due 2012 and then to 2011 creating a 'back tax issue' for 2010." "Third Party Defendant Payne County Treasurer admits that there is no procedure or authority directing her to apply taxes to the current year rather than the back taxes and moving forward."

· Treasurer allegedly mailed a letter giving notice of a resale of the Property but "said letter was mailed to an address the Places have never associated with, never lived at, never receive mail at, and generally have no knowledge about." "On or about April 23, 2014, only one time, [Treasurer] caused a 'Notice of Resale for Delinquent Tax' to be published in the Stillwater Newspress, Cushing Citizen, Perkins Journal and the Phoenix of Yale." Treasurer claims to have sent the Places, on or about April 25, 2014, a certified mailing that was "signed for with a signature showing the name 'Jason' but [the Places] never received this mailing."

· The Places have resided at the Property since 2005, and it has been their primary and only residence since that time. "During the time of the publication and mailed notice of the Tax Resale, the Places resided at the Property in Yale, Oklahoma and never received actual notice of the Tax Resale."

· Treasurer caused the Property to be sold on June 9, 2014, at a tax resale resulting in the Mueggenborgs holding a County Treasurer's Resale Deed to the Property executed by Treasurer on June 9, 2014.

· On June 10, 2014, the Mueggenborgs paid $1,048.99 for the 2010 taxes and $6,851.01 for the 2013 taxes. The Places did not discover the tax resale until "Darrell Mueggenborg drove by their house asserting that he was 'now their landlord;' that they had five days to get off the property; and then sued for Quiet Title."

· "The Mueggenborgs filed a small claims action which was combined with this Quiet Title action and personally served [the Places]. . . . Unlike [Treasurer], service was made without issue, albeit on the underlying premise that the Treasurer's Resale Deed is argued by the Mueggenborgs to be a valid instrument."

¶5 As grounds for summary judgment, the Places asserted that three years of back taxes were not due and owing as required by 68 O.S. § 3105 before a property may be sold for delinquent taxes. They also asserted they did not receive proper notice of the tax resale.

¶6 In their response to the motion for summary judgment, Defendants disputed only four of the Places' statements of uncontroverted facts. Defendants disputed that it published notice only once and claimed instead that it published "Notice of Resale of Real Estate for Taxes, Payne County, State of Oklahoma" four times in four separate newspapers published in Payne County. Defendants also disputed the Places did not receive notice by certified mail. Defendants alleged that "notice of the June 9, 2014 resale was mailed by certified mail, delivery restricted to the addressee, and was delivered to Jason Place at 608 W. Beaumont in Yale, Oklahoma on Saturday, April 26, 2014 at 9:52 a.m." Defendants disputed "that the Places never received actual notice of the tax resale" and asserted that, in addition to the notice by certified mail, "the Notice of Sale of Real Estate for Delinquent Tax was affixed to the front door of their home, where they reside, prior to the resale." Defendants further disputed that the Places first learned of the tax resale when Darrell Mueggenborg drove by the Places' house.

¶7 Defendants argued summary judgment should not be granted in favor of the Places because 68 O.S. § 3105 does not require that three years of back taxes be owed before a property may be sold for delinquent taxes. Defendants further asserted that the notice given to the Places was not defective.

¶8 The Mueggenborgs adopted Defendants' response to the motion for summary judgment.

¶9 The trial court held a hearing on the motion for summary judgment. The court found that the Places are the record owners of the Property. The court held:

That the "back tax" issue for 2010 was created by the erroneous application of payments by [Treasurer] and as a result [the Places] were not three (3) years in arrears pursuant to statute. 68 OSA § 3105. . . . That but for the erroneous application of payments toward "back tax", [Treasurer] should not have initiated the tax sale pursuant to 68 OSA § 3105. Accordingly, said sale and resulting County Treasurer's Resale Deed are hereby held to be void and have no legal effect.

¶10 The trial court stated the notice issues "are hereby stricken as moot." It restored possession and title to the property to the Places, quieted title in them, and ordered Treasurer to return to the Mueggenborgs the $7,900 paid to Treasurer's office.

¶11 Defendants appeal.

STANDARD OF REVIEW

¶12 Summary judgment is properly granted "when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Davis v. Leitner, 1989 OK 146, ¶ 9, 782 P.2d 924. When reviewing a grant of summary judgment, we must view all conclusions and inferences to be drawn from the evidentiary materials in a light most favorable to the party who opposes the motion. Id.

¶13 An appeal from an order granting summary judgment is subject to de novo review. Shull v. Reid, 2011 OK 72, ¶ 3, 258 P.3d 521. "In its re-examination of the trial tribunal's legal rulings an appellate court exercises plenary, independent and nondeferential authority." Bronson Trailers & Trucks v. Newman, 2006 OK 46, ¶ 5, 139 P.3d 885.

ANALYSIS

¶14 Defendants did not dispute the Places' statements of fact regarding the payment of back taxes. Defendants only disputed the Places' statements of uncontroverted fact that involved notice of the tax resale.

¶15 It is undisputed that Jason Place paid Treasurer $1,632 for taxes on May 10, 2012. Title 68 O.S.2011 § 3105(A) provides:

The county treasurer shall in all cases, except those provided for in subsection B of this section, where taxes are a lien upon real property and have been unpaid for a period of three (3) years or more as of the date such taxes first became due and payable, advertise and sell such real estate for such taxes and all other delinquent taxes, special assessments and costs at the tax resale provided for in Section 3125 of this title, which shall be held on the second Monday of June each year in each county. The county treasurer shall not be bound before so doing to proceed to collect by sale all personal taxes on personal property which are by law made a lien on realty, but shall include such personal tax with that due on the realty, and shall sell the realty for all of the taxes and special assessments.

(Emphasis added.) The trial court held that Treasurer erroneously applied the $1,632 payment made by Jason Place and that the Places were not three years in arrears pursuant to § 3105. We conclude that based on the uncontroverted facts established by the Places, the trial court did not err in granting summary judgment in their favor.

¶16 Defendants ask this Court to determine if by law, it was required to apply the Places' partial payment to the oldest year of real property tax or whether it could apply the payment to more recent years for which taxes were due. We decline, due to the circumstances presented here, to address this broader issue.

¶17 In their motion for summary judgment, the Places stated Jason attempted to pay their 2010 taxes, but the Treasurer's office incorrectly applied the payment to 2012 and 2011. Defendants offered no evidence or argument to contradict this statement of fact.[3]

 

¶18 The statements of fact and the affidavit presented by the Places in support of their motion constitute the only record evidence regarding the direction of the payment of the debt. Jason Place stated that he attempted to pay Treasurer for the 2010 taxes, and Defendants do not dispute this fact. We must conclude that the Places directed the payment of the 2010 taxes and Defendants did not follow this direction as they were required to do by well-recognized principles of law. This misapplication cannot form the basis for upholding this tax resale deed. Accordingly, the trial court as a matter of law correctly granted summary judgment to the Places.

 

CONCLUSION

¶19 Finding no error, we affirm the summary judgment in favor of the Places.

¶20 AFFIRMED.

GOODMAN, V.C.J., and FISCHER, P.J., concur.

FOOTNOTES

[1] This cross-claim was erroneously denominated a "Third Party Petition."

[2] In this pleading, among other things, they tendered $1,738 in payment of all sums due for taxes, penalties, costs and interest on the Property.

[3] Although Treasurer cannot be considered a "creditor," some guidance is provided by the longstanding general rule that if a creditor has more than one claim against a debtor, the debtor may direct to which debt a payment is credited. First Nat'l Bank v. Farmers' Nat'l Bank of Chickasha, 1925 OK 600, ¶ 0, 241 P. 783 (syl. by the Court); see also Cooper v. Federal Nat'l Bank of Shawnee, 1935 OK 1217, ¶ 0, 53 P.2d 678 (syl. no. 1 by the Court)("A debtor may direct the application of payments made by him to a creditor holding more than one debt."); O'Dell v. U.S., 326 F.2d 451, 456 (10th Cir. 1964)("As a general rule, a debtor voluntarily paying his debt may direct the application of his money to such items or demands as he chooses.").

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 146, 782 P.2d 924, 60 OBJ 2833, Davis v. Leitner
Discussed
 1935 OK 1217, 53 P.2d 678, 175 Okla. 610, COOPER v. FEDERAL NAT. BANK OF SHAWNEE
Discussed
 2006 OK 46, 139 P.3d 885, BRONSON TRAILERS & TRUCKS v. NEWMAN
Discussed
 2011 OK 72, 258 P.3d 521, SHULL v. REID
Discussed
 1925 OK 600, 241 P. 783, 115 Okla. 136, FIRST NAT. BANK OF OKLAHOMA CITY v. FARMERS NAT. BANK OF CHICKASHA
Discussed
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 3105, Real Property to be Sold for Delinquent Taxes and Special Assessments
Discussed at Length